**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

HAWAR ABDULSALAM GUNDKY,

Petitioner,

v.

Case No. 2:26-cv-02527-MIS-SCY

WARDEN, Otero County Processing Center; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Acting Director, Enforcement and Removal Operations; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Hawar Abdulsalam Gundky's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 3, 2026. Respondents answered the Petition ("Response") on August 24, 2026. Resp., ECF 10 Respondents request the Court deny the Petition, arguing that although Petitioner has been detained for more than six months while under a final order of removal, he is responsible for the delay in his removal.

Petitioner is an Iraqi citizen who adjusted his status to that of a Lawful Permanent Resident ("LPR") on August 14, 2000. Resp. at 1. However, on October 9, 2019, Petitioner was convicted of violating 21 U.S.C. §§ 841 and 846 (Possession with Intent to Distribute 500 grams or more of a Mixture of Substance Containing a Detectable Amount of Methamphetamine). Resp. at 1-2; ECF 10-2. As a result of being convicted of an aggravated felony, Petitioner was charged with removability pursuant to 8 U.S.C. §237(a)(2)(A)(iii), and on November 20, 2025, an Immigration

Judge entered an Order of Removal. Resp. at 2; ECF 10-3. The Petitioner did not appeal the Order and it became final on December 20, 2025. EOIR Automated Case Info; ECF 10-1 at ¶ 5. On May 31, 2026, United States Immigration and Customs Enforcement took custody of Petitioner upon the expiration of his criminal sentence. Resp. at 2. The U.S. Department of Homeland Security (DHS) is attempting to remove Petitioner to Iraq, ECF 10-1, but Petitioner declined to complete an Iraq-related Travel Document Request ("TDR"), ECF 10-1 at ¶ 7. Nonetheless, as of August 20, 2026, DHS has, through its own efforts, obtained completed travel documents and has requested a seat allocation for a day of departure, anticipating that it will be able to remove him in the near future. ECF 10-1 at ¶¶ 13-15.

After entry of a final removal order and during the 90–day removal period ... aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001) (citing 8 U.S.C. § 1231(a)(2)). Custody of an alien under a final order of removal for more than six months is presumed unreasonable if the alien provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. But:

> [t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.

8 U.S.C. § 1231(a)(1)(C).

In a previous case, Lin v. Warden, the Court found the petitioner "remains in the mandatory detention period since he has refused to make a 'timely application in good faith for travel or other documents necessary to his departure.'" No. 2:26-CV-01274-MIS-JFR, 2026 WL 1328415, at *1 (D.N.M. May 13, 2026) (citing § 1231(a)(1)(C)). The circumstances here are similar.

Here, as of the date of issuance of this order, Petitioner's Order of Removal became final more than six months ago, and he has been in custody during that time, albeit in part related to a criminal conviction. Resp. at 4. However, there is a significant likelihood of removal in the reasonably foreseeable future because Respondents are arranging to deport Petitioner to Iraq. See generally ECF 10-1. More, any delay in Petitioner's removal, is attributable to Petitioner's willful noncompliance with the removal process. Id. at ¶ 7. The Court finds that Petitioner remains in the mandatory detention period since there is a significant likelihood of removal in the reasonably foreseeable future and he has "act[ed] to prevent [his] removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

As he must remain in mandatory detention, there is no basis for release from custody, and his Petition is denied. Petitioner may file another petition in the future if his status has changed.

Accordingly, it is **HEREBY ORDERED** that Petitioner Hawar Abdulsalam Gundky's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE